[No. 17566.    Department Two.    November 10, 1922.]

THE STATE OF WASHINGTON, *on the Relation of Clarence Andrews, Plaintiff*, v. THE SUPERIOR COURT FOR KING COUNTY, *King Dykeman, Judge, Respondent*.[1]

APPEAL (272)—RECORD—AFFIDAVITS. Affidavits in support of a petition as to the custody of a child, held under the juvenile act, cannot be considered on appeal when not brought up by bill of exceptions or statement of facts.

Certiorari to review an order of the superior court for King county, Dykeman, J., entered September 19, 1922, denying the vacation of an order of the juvenile court respecting the custody of a minor. Affirmed.

*Charles R. Crouch*, for appellant.

*Malcolm Douglas, Howard A. Hanson*, and *Chester A. Batchelor*, for respondent.

MAIN, J.—On June 24th, 1922, a petition was filed in the juvenile department of the superior court of King county, alleging that Harry Andrews, a boy six years old, who then resided with his father and step-mother, was in need of the care and protection of the court. On July 28 following, a hearing was had and an order entered to the effect that the boy remain a ward of the court and that he be placed in a suitable home. On August 14, 1922, an order was entered giving the custody of the boy to his maternal grand-mother, subject to the further order of the court. On August 28, Clarence Andrews, the father of the boy, filed a petition asking that the previous order be vacated and set aside and that the boy be returned to him. This petition was supported by affidavits. A hearing was had which resulted in an order denying

[1]Reported in 210 Pac. 360.

the application to vacate. For the purpose of reviewing the order refusing to vacate, the father has brought the matter to this court. The return of the trial judge sets out the proceedings, but does not purport to contain the facts upon which any of the orders were based.. The affidavits above referred to have been brought here in the clerk's transcript and not over the certificate of the trial judge, and are, therefore, as has been many times held, no part of the record which this court can consider.

The question involved is of vital importance, it being the custody of a child. There are no facts before us which enable us to review the order. Upon oral argument, when the cause was presented, it was conceded that the father had a right in a habeas corpus proceeding to bring the matter again before the court. While we cannot disturb, upon the present record, the order entered by the trial judge, it may be said that, in sustaining the order, it is without prejudice to the father's right to bring any proper proceeding where the question as to whether the best interests of the child require that he be returned to his father and stepmother, or that he remain temporarily with his maternal grandmother, can be determined and a proper record made which will furnish a basis for review in this court if the matter should be brought here.

The order refusing to vacate will be affirmed without prejudice to the right to institute another proceeding.

PARKER, C. J., BRIDGES, MACKINTOSH, and HOVEY, JJ., concur.